NO. 07-10-0087-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 29, 2010

_____

IN THE INTEREST OF N.C. AND J.C., CHILDREN

_____

FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 6537-L2; HONORABLE RONNIE WALKER, JUDGE[1]

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

A.T.[2] appeals the trial court's denial of a free reporter's record after the trial court found that an appeal from the trial court's order terminating his parental rights to his children, N.C. and J.C., would be frivolous.[3] We reverse and remand.

---

[1]Hon. Abe Lopez, (Ret.), sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(3) (Vernon 2005).

[2]To protect the parents' and children's privacy, we refer to them by their initials. *See* Tex. Fam. Code Ann. § 109.002(d) (Vernon 2008). *See also* Tex. R. App. P. 9.8(b).

[3]The children's mother, K.L., was appointed possessory conservator and is not appealing.

## Factual Background

After hearing testimony from numerous witnesses from January 18, 2010 through January 21, 2010, the trial court signed an order terminating the parental rights of A.T. to his minor children, N.C. and J.C., on February 22, 2010. A.T. was represented at trial by appointed counsel. However, appointed counsel was permitted to withdraw immediately after trial. Proceeding pro se, A.T. timely filed a Statement of Points, Notice of Appeal, and Affidavit of Indigence. Although the incomplete appellate record does not reflect when, and if, A.T. requested appointment of appellate counsel, the trial court signed an order appointing new counsel on March 18, 2010, twenty-four days after signing the termination order and after most critical deadlines for this type of accelerated appeal had expired. *See generally* Tex. Fam. Code Ann. § 263.405(a) and (b) (Vernon 2008).

Pursuant to section 263.405(d), the trial court held a mandatory hearing on March 22, 2010. A.T.'s newly appointed counsel was unavailable due to a prior conflict; however, the hearing proceeded with A.T.'s consent.[4] No evidence was presented at the hearing, and the State urged the trial court to find the appeal frivolous, which the court did. The trial court added:

> [a]nd my finding on the frivolous issue is based on the evidence that the Court heard. This was a non-jury trial; it was a trial, bench. There was a lot of evidence. I heard a lot of witnesses, and so based on what I heard, the Court is of the opinion that such an appeal would be frivolous . . . .

---

[4]A.T. was tacitly represented by counsel appointed to represent the mother of one of A.T.'s other children in a companion termination case, Cause No. 6538-L-2, appellate Cause No. 07-10-0075-CV.

The trial court signed an order memorializing its ruling and this appeal followed. In his brief, A.T. asserts the trial court committed reversible error in denying him a free reporter's record to pursue his appeal. We agree.

**Analysis**

On this same date, this Court reversed the trial court's order finding A.T.'s appeal from the trial court's order terminating his parental rights to another child, S.C., frivolous. *See In the Interest of Q.W.J. and S.C.*, No. 07-10-0075-CV. That same analysis and reasoning applies in this appeal in concluding that arguable grounds for an appeal exist.

Accordingly, we hold the trial court abused its discretion in finding the appeal frivolous and in denying A.T. a free reporter's record. Consequently, we reverse the trial court's order finding A.T.'s notice of appeal frivolous and remand the cause to the trial court to order the court reporter to complete and file the reporter's record on or before November 29, 2010. Appellant shall file a merits brief within 20 days after the reporter's record is filed. Appellee's brief must be filed within 20 days after Appellant's brief is filed.

It is so ordered.

Per Curiam